UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 23-CR-190-02 (ABJ) |
| ) | |
| D'MARRELL MITCHELL ) | |
| ) | |

### MOTION TO EXCLUDE LATE-NOTICED EXPERT WITNESSES

Mr. D'Marrell Mitchell through undersigned counsel, respectfully submits this motion to exclude late-noticed expert witnesses as a supplement to the objections identified in the joint pretrial statement. As identified in Defendants objections in the joint pretrial statement, ECF No. 215 at 40, and as discussed at the pretrial conference on August 20, 2025, the government failed to provide timely notice for four of the government's proposed expert witnesses. Federal Rule of Criminal Procedure 16 specifically describes the timing of disclosures and what must be included in an expert notice.

> (ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.
> (iii) Contents of the Disclosure. The disclosure for each expert witness must contain:
> • a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
> • the bases and reasons for them;
> • the witness's qualifications, including a list of all publications authored in the previous 10 years; and
> • a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G). The government filed its expert notices on June 20, 2025. However, four of those notices did not even include the name of the expert, which clearly fails to satisfy the requirements of Fed. R. Crim P. 16.

1.      Detective Sergeant Alvin Cardinal.  On June 20, 2025, the government filed a Notice of Drug Trafficking and Distribution Expert, ECF No. 176.  The notice does not list the name of the expert, but instead goes on to detail the types of opinions the government intends to find an expert to say.  The fact that these "opinions" were drafted by the government before any expert had been identified makes clear they are not actually the expert's opinion at all, but government counsel's opinions.  Because no person is identified, the notice cannot comply with the rule and include prior testimony, expertise, qualifications, etc.  The government then included the name Detective Sergeant Alvin Cardinal on its witness list in the joint pretrial statement filed on August 8, 2025.  At no point has the government provided any actual notice of this expert that would satisfy Rule 16.  In fact, on August 27, 2025, *only one week before trial was set to begin*, the government filed a notice for a *completely different* drug trafficking and distribution expert, Ryan Bernier.  While this notice appears to comply with Rule 16 as to its contents, it is not timely.  This expert testimony must be excluded.

2.      Baltimore County DNA Expert Steven M. Hand.  On June 20, 2025, the government noticed two FBI DNA examiners and specifically stated they would testify regarding DNA testing of a glove recovered from the Nottingham robbery.  However, apparently when this notice was submitted the tested had not even been completed.  In the government's witness list in the pretrial statement, for the first time, the government stated that they would be calling another *unidentified* DNA expert to testify about the Nottingham glove.  On August 25, 2025, the government produced, for the first time, DNA reports purportedly related to the Nottingham glove.  On August 26, 2025, the government filed notice of Steven M. Hand, as the proposed expert witness, one week before trial.  This type of unmitigated refusal to comply with deadlines or provide adequate notice must result in the exclusion of evidence.  The government cannot be

2

permitted to wait until the last minute to bombard defense counsel with expert evidence that it has no opportunity to challenge. Importantly, the produced DNA report is not an FBI report and was conducted in a manner completely inconsistent with FBI practice. This is not a type of report that defense counsel is familiar with and there is no time before trial to remedy that.

      3.      PGPD Corporal Steven Holland and Sydney Rednour. On June 20, 2025, the government filed a Notice of Firearm and Toolmark Identification Expert, ECF No. 178. The notice does not list the name of the expert, but instead goes on to detail the types of opinions the government intends to find an expert to say. The fact that these "opinions" were drafted by the government before any expert had been identified makes clear they are not actually the expert's opinion at all, but government counsel's opinions. Because no person is identified, the notice cannot comply with the rule and include prior testimony, expertise, qualifications, etc. The government then included the name PGPD Corporal Steven Holland on its witness list in the joint pretrial statement filed on August 8, 2025, but did not provide an expert disclosure pursuant to Rule 16 pertaining to Mr. Holland. On August 25, 2025, *just over a week before trial*, the government filed a revised expert notice regarding firearm and toolmark identification, *for the first time listing a second expert*, Sydney Rednour. Again, the extreme tardiness in providing this notice, on the eve of trial, provides defense counsel with no meaningful opportunity to challenge this evidence and it should be excluded.

      The government's failure to provide timely notice has prevented defense counsel from a full opportunity to evaluate and confront this evidence. Mr. Mitchell seeks exclusion of the evidence, rather than a continuance of trial because this trial has been set for over a year. *See* Scheduling Order, ECF No. 105 (Aug. 2, 2024). The government knew about the trial date and had ample time to make timely expert disclosures. The government's failure should not result in

Mr. Mitchell remaining detained for a delayed trial, but should result in exclusion of the expert testimony and evidence.

                                              Respectfully submitted,

                                              A. J. KRAMER
                                              FEDERAL PUBLIC DEFENDER

                                              */s/ Diane Shrewsbury*
                                              DIANE SHREWSBURY
                                              BENJAMIN SCHIFFELBEIN
                                              Assistant Federal Public Defenders
                                              625 Indiana Avenue, N.W., Suite 550
                                              Washington, D.C.  20004
                                              (202) 208-7500