UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 23-CR-190 (ABJ) |
| v. | |
| ASHLEY GAUSE,<br>D'MARRELL MITCHELL, and<br>TERRANCE BRANHAM, | |
| Defendants. | |

GOVERNMENT'S SUBMISSION REGARDING THE ADMISSIBILITY
OF CELLSITE ANALYSIS REPORT (GOVERNMENT EXHIBIT 1921)

The Government submits the following in support of the substantive admissibility of Exhibit 1921, a report detailing the conclusions of FBI Cellular Analysis Survey Team Special Agent Benjamin Fulp regarding the historical location of certain mobile devices (the "CAST Report"). The CAST Report is admissible as a summary exhibit pursuant to Federal Rule of Evidence 1006, which allows a party to introduce exhibits summarizing "the content of voluminous writings . . . that cannot conveniently be examined in court."

To be admissible, a summary exhibit must summarize documents so voluminous as to make comprehension "difficult and . . . inconvenient," although not necessarily "literally impossible"; the documents themselves must be admissible, although the offering party need not actually enter them; the party introducing the chart must make the underlying documents reasonably available for inspection and copying; and the chart must be "accurate and nonprejudicial." *United States v. Bray*, 139 F.3d 1104, 1109–10 (6th Cir. 1998). In addition, as part of the foundation for a chart, the witness who prepared the chart should introduce it. *Id*. at 1110. *United States v. Hemphill*, 514 F.3d 1350, 1358 (D.C. Cir. 2008). "As long as a party has laid a foundation for the underlying documents, a chart summarizing them can itself be evidence under Rule 1006." *Id.* at 1358-59.

The CAST Report organizes information from seven different cellular devices and thousands of pages of data from cellphone call detail records. The underlying data, specifically, the call detail records and map images reflecting the location of cellphone towers and of the offenses at issue are all admissible and have been provided to counsel. At the same time, the call detail records from the seven different devices are inordinately voluminous. The spreadsheets containing this data cannot be effectively printed. If they could, it would span thousands of pages. The data spans twenty different locations, hundreds of miles, and more than a year. Moreover, the jury simply cannot interpret the raw data. The data here was provided by four different cellphone providers. Each of those providers produces its data in different formats and even provides different types of data. Only an expert like Special Agent Fulp can interpret and plot the data from these spreadsheets. Therefore, unlike many summary exhibits, it would be "literally impossible" for the jury to comprehend this data in its raw form. *See Bray*, 139 F.3d at 1109–10. To ask the jury to review thousands of rows of data, and calculate distances from towers using longitude and latitude, without the proper training or insight would be to invite error. The CAST Report is both accurate and non-prejudicial, simply reflecting the plotting of data from admissible call detail records on top of admissible maps of locations and cell phone towers. And the author of the CAST Report, Special Agent Fulp, will introduce the report, testify as to its contents, and be subject to cross-examination by three different attorneys. For all these reasons, the CAST Report is an admissible summary exhibit.

The Government has only found one case addressing the introduction of a similar report in federal court. In *United States v. Stanley*, the Court permitted the introduction of a "summary of a large volume of cell-site data that otherwise would not be able to be conveniently examined by the jury." No. 3:23-CR-0027 (VAB), 2025 WL 1233925, at *8 (D. Conn. Apr. 29, 2025). The

Court there found, with little discussion, that such a summary was admissible under Rule 1006. *Id.*

Further, judges in this courthouse have routinely permitted the substantive admission of CAST or equivalent reports mapping cellsite location data. Such reports have been substantively admitted in at least the following recent trials:

- *U.S. v. Nahvarj Mills*, 24-cr-00332 (ACR)
- *U.S. v. Rodney Baggott and Kimberly Bowens*, 24-cr-00127 (RBW)
- *U.S. v. Jose Alvarado-Velasquez, Gerlin Diaz-Lopez, Jose Ibarra-Cristales, Bradley Martinez Mora, Carlos Martinez-Mora, and Jexon Madrid Flores*, 23-cr-00043 (TNM)
- *U.S. v. William Brock, Anthony McNair, Erin Sheffey*, 23-cr-00026 (RCL)
- *U.S. v. Jose Deivy Rodriguez Delgado*, 22-cr-00304 (JEB)
- *U.S. v. Demarco Allgood, et al.*, 21-cr-00416 (RDM)
- *U.S. v. Jann Aponte Rivera*, 21-cr-00270 (JEB)
- *U.S. v. Quaysa Flumo, et al.*, 20-cr-00225 (APM)
- *U.S. v. Willis Lewis*, 19-cr-00307 (RCL)
- *U.S. v. Marcel Vines and Maliqe Lewis*, 19-cr-00166 (DLF)
- *U.S. v. Christopher Green*, 19-cr-00019 (RDM).
- *U.S. v. Linwood Thorne and James Hutchings*, 18-cr-00389 (BAH)
- *U.S. v. Darin Moore, Gabriel Brown, James Taylor, and John Sweeney,* 18-cr-00198 (JEB)
- *U.S. v. Noe Machado Erazo, et al*, 10-cr-00256 (RCL)

For all of the foregoing reasons, the CAST Report is admissible as a summary exhibit. The report is based on admissible data and maps. It is accurate and non-argumentative. Further, it would be impossible for the jury to recreate the Report using the raw admissible data. Therefore, the jury should have the benefit of the CAST Report while deliberating.

        Respectfully submitted,
        JEANINE FERRIS PIRRO
        United States Attorney

By:       /s/ Cameron A. Tepfer
        Cameron A. Tepfer
        N.Y. Attorney No. 5248208
        Assistant United States Attorney
        601 D Street NW
        Washington, D.C. 20530

202-258-3515  
Cameron.Tepfer@usdoj.gov

Case 1:23-cr-00190-ABJ    Document 315    Filed 10/11/25    Page 4 of 4