UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHLEY GAUSE, et al.,<br><br>Defendants. | Case No. 23-cr-190 (ABJ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT MITCHELL'S OBJECTION TO *PINKERTON* LIABILITY INSTRUCTION

Defendant Mitchell objects to the Court instructing the jury as to co-conspirator liability with respect to the charged violations of 18 U.S.C. § 924(c). *See* ECF No. 318. He asks this Court to ignore binding Circuit and Supreme Court precedent and reject the straightforward application of *Pinkerton* liability, a doctrine that has endured for almost eighty years. Indeed, almost thirty years ago, the D.C. Circuit rejected this argument and affirmed reliance on *Pinkerton* liability in a case alleging violations of 18 U.S.C. § 924(c). *See United States v. Washington*, 106 F.3d 983, 1011 (D.C. Cir. 1997). Separately, Mr. Mitchell claims to be surprised that the Government is relying on co-conspirator liability, rather than aiding and abetting or principal liability. But the Government's theory of this case, and its reliance on co-conspirator liability, has been obvious from the case's inception. Mr. Mitchell's feigned surprise is no reason to fail to properly instruct the jury at this late stage.

In 1946, the Supreme Court held that a co-conspirator could be held liable for reasonably foreseeable offenses committed by his co-conspirators in furtherance of the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946). In the decades that have followed, our Circuit and multiple others have consistently applied this theory of liability to other offenses,

1

including violations of 18 U.S.C. § 924(c). *See, e.g.*, *United States v. Wacker,* 72 F.3d 1453, 1464 (10th Cir. 1995); *United States v. Dean*, 59 F.3d 1479, 1489–90 (5th Cir. 1995), *cert. denied*, 516 U.S. 1064, (1996); *United States v. DeMasi,* 40 F.3d 1306, 1319–20 (1st Cir. 1994), *cert. denied,* 513 U.S. 1132, (1995); *United States v. Williams*, 31 F.3d 522, 526–27 (7th Cir. 1994). As our Circuit held, citing *Pinkerton*, "[a]s long as the use or carrying of a firearm in relation to a drug trafficking offense was done in furtherance of the conspiracy and was reasonably foreseeable to the co-conspirators, . . . we see no reason, and appellants offer none, that would render *Pinkerton* liability inapplicable to § 924(c)(1) offenses." *Washington*, 106 F.3d at 1011.

There is no basis to depart from this binding precedent. Based on the Government's evidence, Defendants Gause, Mitchell, and Branham were members of a conspiracy. In certain robberies other members of the conspiracy brandished firearms. Based on the evidence presented at trial, the Government is entitled to argue to the jury that the brandishing of those firearms was reasonably foreseeable. Notably, defendants point to no precedent in support of their position, instead citing a petition for certiorari pending before the Supreme Court. Should the Supreme Court ultimately act on that petition in a manner favorable to Mr. Mitchell's position, he will be able to challenge his conviction. But for this Court to overturn binding precedent would simply be error.

Mr. Mitchell additionally claims to have been surprised by the Government's reliance on co-conspirator liability with respect to the 924(c) offenses. But the use of firearms by members of the conspiracy in furtherance of the conspiracy was explicitly included in the Indictment. The Indictment made clear to Mr. Mitchell that he was being charged with violations of 924(c), and the Government's discovery, including a factual summary of the case provided in its first production, made clear that Mr. Mitchell did not personally carry a firearm. Further, the

2

Government expressly referenced the use of firearms in the Hobbs' Act Conspiracy charge (Count 1.) *See* ECF No. 3 at 3, ¶ 4 ("The co-conspirators would often either brandish a firearm or gesture with their hands in a way that suggested the presence of a firearm.")[1] *See Washington*, 106 F.3d at 1011 (rejecting challenge to *Pinkerton* instruction based in part on the fact that "the indictment clearly stated that appellants and their co-conspirators knowingly used and carried a firearm during and in relation to a drug conspiracy.") Notably, the Government need not have even put Mr. Mitchell on notice in the Indictment in this manner. *See Washington*, 106 F.3d at 1011 (rejecting challenge to *Pinkerton* instruction in part because "a theory of defendant liability need not be pleaded in the indictment.")

To the extent that the Government's theory was unclear, the Government expressly put Defendants on notice of its theory in briefing filed almost four months ago. For example, on June 13, 2025, Ms. Gause filed a motion arguing that she could not be properly charged for a violation of 924(c) because she never personally handled a firearm. *See* ECF No. 171. In opposition to this motion, the Government stated:

> The entirety of Ms. Gause's motion is based on a basic misunderstanding of the Government's case. Ms. Gause protests that she never personally handled a gun during the charged robberies and therefore the grand jury must have been somehow misled into indicting her on firearm charges. But Ms. Gause is not charged as a principal with respect to these firearm charges. Ms. Gause led a conspiracy in which she researched and identified robbery targets, recruited members of her robbery teams, drove them to and from the robberies, and then sold the proceeds to her associates. Therefore, with respect to the firearm charges, Ms. Gause is charged under co-conspirator liability or, alternatively, for aiding-and-abetting her coconspirators.

*See* ECF No. 186 at 1.

This assertion—made in a public filing—was not hidden. This was the fourth sentence in the first paragraph of the Government's opposition. And the Government's brief went on to detail the factual predicate for its theory, referencing specific evidence upon which it would rely. *See Id.* at 5-6. Indeed, the Government only referenced aiding-and-abetting as a theory of liability in the alternative. *Id.* at 6. Notably, in its August 12, 2025 Order, denying Ms. Gause's motion to dismiss, the Court reiterated the Government's theory. *See* ECF 220 at 3-4. While these assertions were specific to Ms. Gause, they mirror the Government's theory with respect to Mr. Mitchell. And these arguments were reiterated during pre-trial hearings, particularly with respect to the evidence proffered by the Government under Federal Rule of Evidence 404(b). Given the history of this case, Defendants cannot plausibly claim to be surprised by the Government's theory.[2]

For all of the foregoing reasons, the Court should instruct the jury with respect to *Pinkerton* liability.

---

[2] Curiously, Mr. Mitchell claims that the Government did not intend on relying on co-conspirator liability, and instead relied on aiding and abetting liability, because "the government has only charged individual defendants with robberies or firearm charges where the government believes that defendant was actively involved, whether as a principal or as an aider and abettor." ECF No. 318 at 1. He explains "the government would have charged Ms. Gause and Mr. Mitchell in all of the robberies during the course of the conspiracy, and not only the ones where there was alleged cell site evidence relating to a particular defendant, or where Ms. Gause or Mr. Mitchell did searches or sent text messages about." *Id.* This is a non-sequitur. That the Government only proceeded on the strongest charges against each defendant, rather than charging them with every robbery in the conspiracy has no bearing on whether the Court should instruct this jury with respect to *Pinkerton* liability. There is a sufficient factual predicate for co-conspirator liability with respect to the 924(c) violations against each defendant. And there are strategic, practical, and evidentiary reasons for not charging each defendant with every single robbery.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Cameron A. Tepfer*
Cameron A. Tepfer
D.C. Bar No. 1660476
Assistant United States Attorney
United States Attorney's Office
601 D. Street, NW
Washington, DC 20579
202-258-3515
Cameron.Tepfer@usdoj.gov

5