UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHLEY GAUSE, et al.,<br><br>Defendants. | Case No. 23-cr-190 (ABJ) |

### GOVERNMENT'S OBJECTION TO VERDICT INQUIRY REGARDING VENUE

Defendant Mitchell and his co-defendants are charged in a conspiracy to commit multiple robberies, including eleven robberies that occurred outside of Washington, D.C. Defendant Mitchell has proposed a special verdict form that would ask an additional question about—and require the jury to specifically find—venue for each robbery occurring outside of D.C. But Mr. Mitchell has not made the requisite showing to justify this extra inquiry. Specifically, there is no genuine issue of material fact to be resolved by the jury with respect to venue. For each robbery outside of Washington, D.C., the Government has elicited testimony or other evidence connecting that robbery to Washington, D.C. That evidence has gone unchallenged during this trial. If there is a genuine factual dispute regarding the Government's venue evidence, that dispute should be put to the jury. But to the extent that Mr. Mitchell believes that the Government's venue evidence is *legally* insufficient, that determination is for the Court.

In *United States v. Haire*, the D.C. Circuit adopted the reasoning and standard of the Third Circuit in determining when venue should be submitted to a jury. 371 F.3d 833, 840 (D.C. Cir. 2004), *cert. granted, judgment vacated,* 543 U.S. 1109 (2005), *and judgment reinstated,* No. 02-3009, 2005 WL 3279991 (D.C. Cir. July 22, 2005). The Circuit noted the common admonition that "venue is an element of every offense," but, citing the Third Circuit's thorough

1

reasoning in *Perez*, observed that venue has been historically treated differently than other elements by our courts. *Id.* The Circuit found that "although an element strictly speaking, venue does not automatically present a question for the jury." *Id.* (quoting *Perez*, 280 F.3d at 330); *see also United States v. Massa*, 686 F.2d 526, 530 (7th Cir. 1982) ("Although venue is an essential element which the Government must prove, it is an element more akin to jurisdiction than to the substantive elements of the crime."). Given its status as a quasi-element, the Circuit concluded that three conditions must be met for venue to become a jury question:

> (1) the defendant objects to venue prior to or at the close of the prosecution's case-in-chief, (2) there is a genuine issue of material fact with regard to proper venue, and (3) the defendant timely requests a jury instruction.

*Id.* (citing *Perez*, 280 F.3d at 327).

With respect to the second factor, our courts have noted that even cross-examination does not necessarily create a genuine issue of fact. *See United States v. Sitzmann*, 893 F.3d 811, 825 (D.C. Cir. 2018) (affirming trial court's refusal to submit question of venue to jury despite the defendant attempting to cross-examine a witness regarding venue); *see also Perez*, 280 F.3d at 335 ("Even if a defendant properly objects to venue, however, it does not become a fact question for the jury unless the defendant also places it in issue by establishing a genuine issue of material fact with regard to venue. Trial testimony may place venue in issue at any time prior to the close of evidence."). Nor do arguments solely concerning a witness's credibility suffice. *See Perez*, 280 F.3d at 225 ("No countervailing evidence was introduced by the Appellants nor did they at or before trial challenge the Government's case in any way. Instead, they now counter merely that the Government's proof of venue rests entirely on testimony from alleged co-conspirators.")

For example, in *United States v. Slatten*, the D.C. Circuit affirmed a trial court's decision to rule on venue itself rather than submitting the question to the jury. As the Circuit explained:

2

"The parties do not dispute what happened—*i.e.* that Ridgeway participated throughout the Baghdad shootings and that he flew from California to the District of Columbia and was arrested once he arrived there—they dispute the legal significance of those facts." 865 F.3d 767, 789 n.5 (D.C. Cir. 2017). Because the issue was not a genuine factual dispute, but rather a debate about the legal import of those facts, "the district court did not err by withholding this issue from the jury." *Id.*; *see also Perez*, 865 F.3d at 336 n.14 (affirming convictions, explaining that "[t]he District Court . . . stated that 'the evidence . . . as to the presence of venue . . . is not so overwhelming that the jury couldn't have decided otherwise had it been before it,'" but nonetheless holding that "[g]iven the absence of a dispute of material fact, 'overwhelming' evidence was not necessary for the District Court to conclude that the Government's burden was met").

Here, there is no genuine issue of fact with respect to venue. The Government offered different types of evidence with respect to venue for each robbery. For some robberies, such as the May 9, 2020 robbery in Neptune, New Jersey, the Government offered evidence that the stolen drugs were immediately taken back to Washington, D.C. and then distributed to members of the conspiracy and associates of its members. This evidence included messages from Ms. Gause advertising drugs for sale and appearing to later consummate those transactions. For other robberies, such as the June 9, 2020 robbery in College Park, Maryland, and May 5, 2021 robbery in Hyattsville, Maryland, the evidence included testimony from store employees that D.C. customers shopped at those locations. This evidence has not been challenged during trial. None of the store employees were ever cross-examined or otherwise challenged regarding their testimony as to D.C. customers. Nor have defendants noticed any witnesses or evidence that would contradict the Government's evidence. Therefore, to the extent that the defendants believe that the evidence presented by the Government is legally insufficient, that question is one for the Court.

In sum, there is no genuine issue of fact as to venue and this Court can resolve any argument regarding venue following the close of evidence.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Cameron A. Tepfer*
Cameron A. Tepfer
D.C. Bar No. 1660476
Assistant United States Attorney
United States Attorney's Office
601 D. Street, NW
Washington, DC 20579
202-258-3515
Cameron.Tepfer@usdoj.gov
